Mr. Donald J. Banks Springfield City Attorney Post Office Drawer 430 Panama City, Florida 32402
Dear Mr. Banks:
You ask substantially the following question:
Does the City of Springfield's designation of one of its police officers to also serve as a code enforcement officer authorize the officer to carry firearms and make arrests as a code enforcement officer?
In sum:
A municipal police officer who has also been designated as the city's code enforcement officer is not prohibited from carrying firearms or making arrests for offenses he observes while carrying out his duties as a code enforcement officer; however, he exercises such powers as a municipal police officer and not as a code enforcement officer.
You state that the Springfield City Commission has designated a police officer from the Springfield Police Department to be the city's code enforcement officer.
Part I, Chapter 162, Florida Statutes, authorizes municipalities and counties to create by ordinance code enforcement boards for the enforcement of their local codes. Part I of Chapter 162 is a supplemental means of obtaining compliance with local codes and "[n]othing contained in ss. 162.01-162.12 shall prohibit a local governing body from enforcing its codes by any other means."[1]
Under Part I, a "code inspector," as the agent or employee whose duty it is to assure code compliance, initiates enforcement proceedings before the code enforcement board.[2] The code inspector notifies a violator of a violation and gives him a reasonable time to correct it. If the violation continues, the inspector notifies the code enforcement board and requests a hearing. The remainder of the enforcement procedure is carried out by the code enforcement board.[3]
Part II, Chapter 162, Florida Statutes, sets forth further procedures for the enforcement of county or municipal codes. Section 162.21(2), Florida Statutes (1996 Supp.), provides:
"A county or a municipality may designate certain of its employees or agents as code enforcement officers. The training and qualifications of the employees or agents for such designation shall be determined by the county or the municipality. Employees or agents who may be designated as code enforcement officers may include, but are not limited to, code inspectors, law enforcement officers, animal control officers, or firesafety inspectors.Designation as a code enforcement officer does not provide thecode enforcement officer with the power of arrest or subject the code enforcement officer to the provisions of ss. 943.085-943.255. . . ." (e.s.)
The above statute recognizes that a law enforcement officer may be designated as a code enforcement officer; it also provides that the designation does not provide the code enforcement officer with the power of arrest. Municipalities do not have home rule powers to grant non-law enforcement personnel the power to make arrests, carry firearms, and conduct searches and seizures.[4] Thus, this office stated in Attorney General Opinion 94-40 that absent legislative authorization for code enforcement officers to possess law enforcement powers, a municipality may not grant such powers to its code enforcement officers.
The statute, however, does not prevent the municipal police officer who has been designated as the code enforcement officer from exercising his authority as a law enforcement officer. Thus, if the police officer, while carrying out duties of a code enforcement officer, observes an offense for which an arrest may be made, he may make such an arrest. However, since a code enforcement officer has no authority to carry firearms or to make arrests, the officer in making such an arrest (or in carrying firearms) exercises such authority as a municipal police officer and not as a code enforcement officer.[5]
I am, therefore, of the opinion that a municipal police officer who has also been designated as the city's code enforcement officer may make arrests and carry firearms; however, he exercises such powers as a municipal police officer and not as a code enforcement officer.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 162.13, Fla. Stat.
[2] Section 162.06, Fla. Stat. (1996 Supp.).
[3] Sections 162.06-162.08, Fla. Stat.
[4] See, Op. Att'y Gen. Fla. 81-38 (1981). And see, Op. Att'y Gen. Fla. 82-12 (1982), stating that power to create appointive office did include power to vest officer with the powers of a law enforcement officer.
[5] You also ask whether a certified law enforcement officer unaffiliated with the police department may carry a firearm and make arrests. If the officer is not employed as a law enforcementofficer by an agency with jurisdiction within the city, he is not authorized to carry firearms or make arrests within the city.